United States District Court
Southern District of Texas

**ENTERED**

November 19, 2025

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ISMAEL PEDRAZA ARADILLAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-5331 |
| | § | |
| MARTIN L. FRINK, in his official capacity as | § | |
| § Warden of the Houston Contract § Detention | § | |
| Facility, *et al*., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

The petitioner, Ismael Pedraza Aradillas, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Houston Contract Detention Facility. He is detained pending removal proceedings under 8 U.S.C. § 1225(b)(2). Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings. (Docket Entry No. 1). For the reasons set forth below, the court grants Pedraza Aradillas's petition in part and orders the respondents to conduct a bond hearing within fourteen days from the date of this order or release him.

## I.    Background

Pedraza Aradillas is a citizen of Mexico who entered the United States without inspection. (Docket Entry No. 1 ¶ 38; Docket Entry No. 6-1). On July 13, 2025, he was arrested during a traffic stop for driving without a license. (Docket Entry No. 1 ¶ 50). He was taken into ICE custody and is now detained at the Houston Contract Detention Facility. (*Id.*). On September 15, 2025, an immigration judge denied Pedraza Aradillas's motion to reconsider his custody and bond

determination, explaining that it lacked jurisdiction to review bond requests.  (Docket Entry No. 6 ¶ 3).

On November 7, 2025, Pedraza Aradillas filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings. (Docket Entry No. 1).  The respondents argue that the petition should be dismissed.  (Docket Entry No. 6).

## II.    Analysis

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."  *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241).  "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief."  *Id.* (citing 28 U.S.C. § 2243).

This case is one of many nearly identical immigration-related habeas petitions filed in the federal courts over the last few months.  *See Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (describing the surge in similar litigation).  As this court has previously explained, two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226.  *Id.*  While § 1226 allows an IJ to provide a petitioner with procedural protections, such as a bond re-determination hearing, § 1225 does not.  *Id.*  In July 2025, the Department of Homeland Security deviated from its "longstanding interpretation" that § 1226 applied to noncitizens who were already present in the country and began applying § 1225 to these individuals.  *Id.* (quoting *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025)).  The result is that noncitizens who would

have previously received a bond hearing are now mandatorily detained until their removal proceedings are complete, whenever that may be.  In September 2025, the BIA affirmed this new interpretation of the relevant statutes in *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[1]

This new interpretation has been rejected by the great majority of courts considering the issue, including this court.  *See id.* at *3 (collecting cases); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, Politico (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z.  Although the respondents acknowledge this court's prior ruling in *Buenrostro-Mendez*, they nonetheless assert that the statutory language requires that Pedraza Aradillas be detained under § 1225.[2]  (Docket Entry No. 6 at 5–6, 7 n.3).  The respondents urge this court to reconsider its prior rulings and adopt the reasoning of *Cabanas v. Bondi*, which held for the respondents.  No. 4:25-cv-04830, 2025 WL 3171331, at *7 (S.D. Tex. Nov. 13, 2025).  The court respectfully disagrees with *Cabanas*.  "[A]s a matter of plain-text reading, it is § 1226(a) that applies to people situated like the Petitioner, not § 1225(b)(2)(A)."  *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252, at *1 & n.1 (D.N.J. Oct. 21, 2025).  The respondents are ordered to provide Pedraza Aradillas with a bond hearing within fourteen days of this order or release him.[3]

Because the court provides Pedraza Aradillas with the relief he seeks based on its interpretation of § 1226(a), the court need not reach his additional challenges to his detention.  *See*

---

[1] The BIA's decision is not binding on this court under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and district courts have uniformly refused to apply *Matter of Yajure Hurtado*.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.3 (collecting cases).

[2] On October 24, 2025, the respondents filed a notice of appeal in *Buenrostro-Mendez*.  (Case No. H-25-3726, Docket Entry No. 20).

[3] The appellate process is likely to decide which reading is correct; continued detention during that lengthy process is not supported by the statute.

*Hernandez Lopez*, 2025 WL 3022245, at *5 (citing *Pizarro Reyes*, 2025 WL 2609425, at *8).[4]  If the respondents do not provide Pedraza Aradillas with a bond hearing within fourteen days as ordered, he may renew his other claims.  *Id.*; *see also Buenrostro-Mendez*, 2025 WL 2886346, at *4 n.4.

### III.    Conclusion

For the reasons stated above, the court grants Pedraza Aradillas's petition for a writ of habeas corpus in part.  (Docket Entry No. 1).  The respondents' motion to dismiss, (Docket Entry No. 6), is denied.  The respondents must provide Pedraza Aradillas with a bond hearing under § 1226(a) by December 1, 2025, or release him.  The parties are to update the court on the status of his bond hearing no later than December 4, 2025.

SIGNED on November 17, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[4] Among his requests for relief, Pedraza Aradillas asks that the court issue a writ of habeas corpus directing the respondents to release his immediately or, alternatively, to award any further relief this court deems just and proper.   (Docket Entry No. 1 at 15).  The court concludes that ordering the respondents to provide a bond hearing, rather than immediate release, is the proper outcome.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *4.  The "comfortable majority position" is to require a bond hearing before an IJ.  *See Lopez-Arevelo v. Ripa*, No. EP-25-cv-337, 2025 WL 2691828, at *12 (W.D. Tex. Sep. 22, 2025).